

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELBERT WELCH,

        Plaintiff,

v.

HERTZ CAR RENTAL AGENCY, OWNER OF HERTZ, MANAGERS OF HERTZ, and YAFIM, HERTZ AGENT,

        Defendants.

---

**DECISION AND ORDER**

1:18-CV-00717 EAW

## **INTRODUCTION**

*Pro se* plaintiff Elbert Welch ("Plaintiff") commenced the instant action in New York State Supreme Court, Niagara County, on June 8, 2018, alleging that Defendants falsely reported to the Niagara Falls Police Department that he had stolen or otherwise failed to return a rental car. (Dkt. 1 at 12). Plaintiff alleges that Defendants made this false report because of his race and asserts various federal and state law causes of action. (*Id.* at 13-15).

Defendants removed the action to this Court on June 27, 2018. (Dkt. 1). Currently pending before the Court are Defendants' motion to dismiss the Complaint (Dkt. 3) and Plaintiff's motion to remand the matter to state court (Dkt. 5). For the reasons set forth below, Plaintiff's motion to remand is denied and Defendants' motion to dismiss the Complaint is granted.

- 1 -

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant action in state court on June 8, 2018. (Dkt. 1 at 12-16). Plaintiff alleges that in February 2018, he rented a car from defendant Hertz Rental Car Agency ("Hertz").[1] (Id. at 13). According to Plaintiff, he explained at the time he rented the car that he had recently been in a car accident and was looking for a new vehicle to purchase, and that he would be using the rental car to travel to and from work. (Id.). Plaintiff claims that he had a "clear understanding and agreement" with Defendants that he "would rent the car until [he] found a new vehicle to purchase and that the costs would be charged to [his] credit card at the conclusion of the rental agreement." (Id.). Plaintiff alleges that despite this understanding, and despite having charged more than $1,500.00 to Plaintiff's credit card, Defendants thereafter "arbitrarily terminated the rental agreement and called the Niagara Falls Police Department and reported false claims that [he] had stolen or otherwise was delinquent in returning the rental car." (Id.). Plaintiff claims that Defendants took these actions "because [he is] Black or African American." (Id.). Based on these allegations, Plaintiff asserts claims pursuant to 42 U.S.C. § 1981(a) and 42 U.S.C. § 1985(3), and state law claims for libel, slander, breach of contract, and violations of the New York State Constitution. (Id. at 14-15). Plaintiff seeks $100,000 in compensatory damages and $100,000 in punitive damages. (Id. at 15).

Kari Flanders, a Hertz employee who works at the relevant location in Niagara Falls, has submitted a sworn affidavit regarding Plaintiff's attempt to serve the Complaint in this

---

[1] The true name of the relevant corporate entity is the Hertz Corporation. (Dkt. 1 at 1).

action. (Dkt. 3-4). Specifically, Ms. Flanders states that a company called Auto Collision & Glass owns a property located at 2200 Military Road in Niagara Falls, and that Hertz rents a portion of the property from Auto Collision & Glass. (*Id.* at ¶¶ 2-3). Auto Collision & Glass has a repair shop on the property that is adjacent to Hertz's premises. (*Id.* at ¶ 4). On the outside of its repair shop, Auto Collision & Glass has a drop-box labeled "Key-Drop." (*Id.* at ¶ 5). Hertz maintains its own drop-box that is labeled "Hertz Express Return." (*Id.* at ¶ 6). On June 11, 2018, an employee from Auto Collision & Glass gave Ms. Flanders a copy of Plaintiff's Summons and Complaint and informed her that it had been left in Auto Collision & Glass's drop-box. (*Id.* at ¶¶ 7-8). Adam R. Schloss, senior corporate counsel for Hertz, has submitted a sworn affidavit indicating that Hertz has not received any other copies of the Summons and/or Complaint in this matter. (Dkt. 3-3 at ¶¶ 3-5; *see also* Dkt. 10-3 at ¶ 6 (affirming that the same continued to be true as of October 18, 2018)).

Defendants removed the instant action to this Court on June 27, 2018. (Dkt. 1). The Notice of Removal states that this Court has jurisdiction over Plaintiff's claims because he asserts claims based on federal statutes (namely 42 U.S.C. §§ 1981 and 1985) and because his state law claims are premised on a common nucleus of fact with his federal claims of unlawful racial discrimination. (*Id.* at 2-3).

Defendants filed their motion to dismiss the Complaint on July 3, 2018. (Dkt. 3). Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), (4), and (5), contending that the Court lacks personal jurisdiction, there is insufficient process, and that Plaintiff did not properly effectuate service of process on any of the Defendants. (*Id.*

at 1). Plaintiff was given until August 3, 2018, to respond to this motion and informed by the Court that a failure to file a response could result in the dismissal of his claims. (Dkt. 7).

Plaintiff did not file a response to Defendants' motion. Instead, on July 12, 2018, Plaintiff filed a motion asking the Court to remand the matter to state court. (Dkt. 5). Plaintiff acknowledges having left a copy of his Complaint at 2200 Military Road in Niagara Falls, but states that this "was not intended to be complete service [of] his complaint on the defendants but was merely an effort to allow defendants' [sic] to review and resolve the matter prior to court intervention, if they wished to settle the matter out-of-court." (*Id.* at 1). Plaintiff argues that Defendants' time to remove was not triggered by his informal provision of a copy of the Complaint and that the matter should be remanded to state court for further proceedings. (*Id.* at 2). Plaintiff further argues that his state law claims do not depend on a finding of racial discrimination. (*Id.*). Defendants filed papers in opposition to Plaintiff's motion to remand on October 22, 2018. (Dkt. 10).

## DISCUSSION

### I. Motion to Remand

Because it potentially implicates the Court's subject matter jurisdiction, the Court turns first to Plaintiff's motion to remand. "As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.' 28 U.S.C. § 1441(a). The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

Pursuant to 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Moreover, pursuant to "principles of pendent and ancillary jurisdiction[,] . . . the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that derive from a common nucleus of operative fact[.]" *City of Chicago*, 522 U.S. at 164-65. "Where the complaint pleads both federal and state law claims arising out of the same facts, the entire action may generally be removed, since the federal court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367." *Nelson v. City of Rochester*, 492 F. Supp. 2d 282, 286 (W.D.N.Y. 2007).

In this case, as noted above, Plaintiff has asserted claims of racial discrimination under both 42 U.S.C. § 1981(a) and 42 U.S.C. § 1985(3). These claims arise under the laws of the United States and are within the Court's original jurisdiction. Moreover, the Court has supplemental jurisdiction over Plaintiff's state law claims, because they arise from a common nucleus of facts. As the Second Circuit has explained, claims "stem from the same common nucleus of operative fact" where the claims are "such that '[the plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 150 F. App'x 12, 14 (2d Cir. 2005) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Here, all of Plaintiff's claims arise from the same factual allegations—namely, that Defendants falsely reported to the Niagara Falls Police Department that he had stolen or otherwise improperly failed to return his

rental car. The Court finds that it has supplemental jurisdiction over Plaintiff's state law claims and rejects any argument by Plaintiff to the contrary.[2]

The Court further rejects Plaintiff's argument that the Notice of Removal was premature. "Contrary to Plaintiff's contention, there is no statutory requirement that Defendants be formally served with the Summons or Complaint prior to removal." *NXIVM Corp. v. Ross*, No. 09-CV-338S, 2009 WL 1765240, at *3 (W.D.N.Y. June 22, 2009); *see also Veleron Holding, B.V. v. Stanley*, No. 14 CIV. 7874 CM, 2014 WL 6386733, at *2 (S.D.N.Y. Nov. 13, 2014) ("A defendant may file a notice of removal once its investigation establishes that a case is removable. That may happen after a defendant is served with a complaint that fails to establish removability or it may happen before a defendant has been served at all."). Indeed, the plain language of 28 U.S.C. § 1446(b) states that removal may occur "after the receipt by the defendant, <u>through service or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *Id.* (emphasis added). "Here, Defendants received a copy of the initial pleading, the Complaint, after Plaintiff commenced this action in state court, yet prior to Plaintiff formally serving it upon them. And after evaluating the Complaint's allegations, Defendants filed their notice of removal." *NXIVM*, 2009 WL 1765240, at *3. Under these circumstances, the Court finds that Defendants' notice of removal was not premature and

---

[2] Defendants have argued in the alternative that this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists and the matter in controversy exceeds $75,000. The Court need not reach this alternative argument because it concludes that federal question jurisdiction (and supplemental jurisdiction over Plaintiff's related state law claims) exists in this case.

that remand on this basis is not warranted. The Court accordingly denies Plaintiff's motion to remand.

## II. Motion to Dismiss

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b), a defendant may assert the following defenses, among others, by motion: lack of personal jurisdiction; insufficient process; and insufficient service of process. Fed. R. Civ. P. 12(b)(2), (4), (5). "[A] Rule 12(b)(4) motion is a challenge to the form of the process rather than the manner or method of its service, whereas a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Coon v. Shea*, No. 2:14-CV-85, 2014 WL 5847720, at *4 (D. Vt. Sept. 5, 2014) (quotation omitted), *report and recommendation adopted in relevant part*, No. 2:14-CV-85, 2014 WL 5849053 (D. Vt. Nov. 12, 2014). "Objections pursuant to Rule 12(b)(2) concern lack of personal jurisdiction, which results when a summons and complaint have not been served on the defendant pursuant to Rule 12(b)(5)." *Jackson v. City of N.Y.*, No. 14-CV-5755 GBD KNF, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (quotation omitted); *see also* C. Wright, A. Miller, & M. Kane, 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.) ("Although the questions of personal jurisdiction and service of process are closely interrelated, service of process is merely the means by which a federal court gives notice to the defendant and asserts jurisdiction over him."). Here, Defendants challenge both the sufficiency of the summonses and the manner in which they were served. The Court finds, for the reasons discussed below, that dismissal under Rule

12(b)(5) is warranted. The Court therefore need not and does not reach Defendants' Rule 12(b)(4) argument.

"A defendant may move to dismiss under Rule 12(b)(5) for insufficient service of process. In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) (citation omitted). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 260 (E.D.N.Y. 2014), *aff'd sub nom. Ahluwalia v. St. George's Univ.*, 626 F. App'x 297 (2d Cir. 2015) (quotation omitted). "[I]n considering a motion to dismiss pursuant to [Rule] 12(b)(5) for insufficient service of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F.Supp.2d 382, 387 (S.D.N.Y. 2002). "Removal does not waive any Rule 12(b) defenses." *Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996). However, pursuant to 28 U.S.C. § 1448, "where service of process was defective, the plaintiff [can] re-serve after the defendants [have] removed to federal court." *Tadco Constr. Corp. v. Peri Framework Sys., Inc.*, 460 F. Supp. 2d 408, 412 (E.D.N.Y. 2006). Even in cases of removal, service must be completed within the time frame set forth in Federal Rule of Civil Procedure 4. *Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010) (affirming dismissal where, after removal, service was not made within the time period set forth in Rule 4 and the plaintiff neither sought nor received an extension of time).

In this case, Defendants have amply demonstrated that Plaintiff did not serve them in accordance with New York law prior to removal. As Defendants note, pursuant to New York Civil Practice Law and Rules ("CPLR") 311(a)(1), service upon a corporation requires delivery of the summons to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." *Id.* Here, Plaintiff merely deposited a copy of the Summons and Complaint in Auto Collision & Glass's drop-box and did not deliver a copy to anyone associated with Hertz. With respect to the individual defendants, CPLR 308 sets forth the permissible methods of service, none of which are satisfied by merely depositing a copy of a summons in the drop-box of a company for which the individual defendants did not work.

Plaintiff has failed to come forward with any evidence to rebut Defendants' showing that he failed to properly serve them under New York law—to the contrary, Plaintiff's own submission confirms that he did not properly effectuate service on any Defendant. Instead, Plaintiff contends (in his motion to remand) that he was not required to serve Defendants because he had filed a motion to proceed *in forma pauperis* in state court and had not paid a filing fee. (Dkt. 5 at 2). This argument lacks any colorable basis. First, nothing in the New York *in forma pauperis* rule, CPLR 1101, indicates that the time for service is tolled while a motion for *in forma pauperis* status is pending. *See* Siegel, New York Practice, § 191 (6th ed.) ("[N]othing is said in CPLR 1101(d) about giving the plaintiff any different time—than that provided in CPLR 306-b (which is a 120-day period)—for effecting service of the summons after the filing, whatever the status may be of the plaintiff's poor-person application to the court. The plaintiff has gotten the index number promptly under

this provision, so it is expected that the plaintiff will proceed to service promptly, bound by the 120-day provisions of CPLR 306-b."). Second, upon removal of the action, Defendants paid this Court's filing fee, *see* Dkt. 1, yet Plaintiff still made no effort to serve Defendants. Third, Defendants' motion clearly put Plaintiff on notice that appropriate service had not been effectuated. Under these circumstances, Plaintiff had no reasonable basis to believe that he was somehow excused from serving Defendants.

For the foregoing reasons, the Court finds that Plaintiff failed to properly effectuate service of process on any Defendant. Moreover, the time for doing so has now expired under both CPLR 306-b and Federal Rule of Civil Procedure 4(m). Plaintiff has not sought or been granted an extension of the time for service, and the Court would be justified in granting Defendants' motion to dismiss on this basis. *See Gerena*, 617 F.3d at 202. However, in light of Plaintiff's *pro se* status, the Court has considered whether a *sua sponte* extension of the time for service is warranted.

The Court finds that a *sua sponte* extension of the time to serve is not appropriate in this case. First, Plaintiff has failed to show good cause for his failure to timely serve Defendants. "Courts generally will find good cause only where the failure to effect timely service was the result of circumstances beyond plaintiff's control, and was not the result of mere inadvertence, neglect, mistake or misplaced reliance." *Micciche v. Kemper Nat. Servs.*, 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008) (quotation omitted). In this case, as noted above, the only excuse Plaintiff has offered for his failure to serve is his unsupported belief that having filed a motion for *in forma pauperis* status in state court relieved him of his service obligation, which does not rise to the level of good cause.

Second, the Court discerns no other basis in the record to grant a discretionary extension of time. *See Zapata v. City of N.Y.*, 502 F.3d 192, 197 (2d Cir. 2007) ("[A] district court may grant an extension in the absence of good cause, but it is not required to do so."). Plaintiff's Complaint was filed on June 8, 2018, more than 9 months ago, and apart from dropping off a single copy of the Summons and Complaint in Auto Collision & Glass's drop-box, Plaintiff has made no effort whatsoever to serve any Defendant. This is despite the fact that Defendants' motion—which was filed in July 2018, within the time for service—put Plaintiff on notice that he had failed to properly serve. In order to show that a discretionary extension is warranted, "the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198. Plaintiff has not done so here, as discussed above.

Moreover, "the four factors used to determine whether to grant a discretionary extension . . . do not weigh in favor of granting an extension." *Jones v. Westchester Cty.*, No. 14-CV-9803 (KMK), 2018 WL 6726554, at *7 (S.D.N.Y. Dec. 21, 2018). "The four factors to be considered in determining whether to grant a discretionary extension of the service deadline are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Micciche*, 560 F. Supp. 2d at 210 (quotation omitted). With respect to the first factor, the majority of Plaintiff's claims would not be barred by the statute of limitations upon refiling. Claims pursuant to 42 U.S.C. §§ 1981 and 1985 are governed by a three-

year statute of limitations. *See Bishop v. Henry Modell & Co.*, No. 08 CIV. 7541 (NRB), 2009 WL 3762119, at *4 (S.D.N.Y. Nov. 10, 2009), *aff'd*, 422 F. App'x 3 (2d Cir. 2011). New York state claims for breach of contract are governed by a six-year statute of limitations for breach of contract. *ITT Corp. v. Lee*, 663 F. App'x 80, 84 (2d Cir. 2016).

On the other hand, Plaintiff's New York state defamation claims, which are governed by a one-year statute of limitations, *see McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009), are likely time-barred. Plaintiff's Complaint states that he first rented the car on February 21, 2018, but does not state exactly when Defendants allegedly reported him to the police, though it appears to have occurred closely in time. (*See* Dkt. 1 at 12-13). Nonetheless, even if one of Plaintiff's claims is now untimely, the Court finds that on the whole, this factor does not favor permitting a discretionary extension of the time to serve, because Plaintiff would be free to reassert the majority of his claims.

Turning to the second factor, Defendants do have actual notice of the claims against them. Accordingly, this factor favors extending Plaintiff's time to serve. However, this factor is not dispositive.

The third factor cuts strongly against a discretionary extension of time. Defendants have made no attempt to hide the defects in service—to the contrary, they brought those defects to Plaintiff's attention promptly, and within the time for service. Plaintiff nevertheless made no effort to comply with his service obligation.

The fourth and final factor also cuts against any extension of time. As noted above, there is a distinct possibility that Plaintiff's state law defamation claims are now time-barred. The Second Circuit has noted that "prejudice to the defendant . . . arises from the

necessity of defending an action after both the original service period and the statute of limitations have passed before service." *Zapata*, 502 F.3d at 198.

The Court therefore finds that the relevant factors, considered on the whole, do not support extending Plaintiff's time for service. The Court further notes that "the Second Circuit has stated clearly that even if the balance of hardships favors the plaintiff a district court may still decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance some colorable excuse for neglect." *Vaher v. Town of Orangetown*, N.Y., 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013) (citing *Zapata*, 502 F.3d at 198 & n.7). Accordingly, even if the factors were in equipoise or slightly favored Plaintiff, the Court would not find an extension was warranted, because Plaintiff has failed to advance even a colorable excuse for his total disregard of his service obligation. "[T]hough leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 448 (S.D.N.Y. 2016) (quotation omitted and alteration in original).

In sum, the Court finds that Plaintiff has failed to properly serve Defendants or to make any meaningful effort to do so. The Court further finds that Plaintiff's time to effectuate service has expired, that Plaintiff has not sought or received an extension, and that a *sua sponte* extension of that time is not warranted, inasmuch as Plaintiff has failed to offer any colorable excuse for his neglect in serving. The Court accordingly concludes that dismissal of this case pursuant to Rule 12(b)(5) is appropriate. The dismissal is without prejudice. *See In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 431-32

(S.D.N.Y. 2009) ("Absent perfected service, a court lacks jurisdiction to dismiss an action with prejudice; therefore dismissal pursuant to Rule 12(b)(5) must be without prejudice.").

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion to remand (Dkt. 5) is denied and Defendants' motion to dismiss (Dkt. 3) is granted. The Clerk of Court is directed to close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 18, 2019
       Rochester, New York